UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LINDA AMES,

                Plaintiff,

    v.

WELLS FARGO BANK NA,

                Defendant.

CASE NO. 3:20-CV-5246-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: July 3, 2020

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 4. Currently before the Court is Defendant Wells Fargo Bank's Motion to Dismiss. Dkt. 7. The Court concludes Plaintiff's wrongful foreclosure, conversion, fraud, misrepresentation, and civil conspiracy claims against Wells Fargo arising from the foreclosure and sale of Plaintiff's property are barred by collateral estoppel. Further, the Court concludes Plaintiff's request for review of a state court decision is improperly before this Court. Accordingly, the undersigned recommends Defendant's Motion to Dismiss (Dkt. 7) be granted and the Plaintiff's claims be dismissed with prejudice.

1

## I.    Background

2    This is an action filed in Clark County Superior Court which Wells Fargo removed to this

3    court. Dkt. 1. In the Complaint, Ames alleges errors in the foreclosure and sale of her property

4    located at 10810 NW 13th Place, Vancouver, WA 98685, ("the property"). Dkt. 1-1, ¶¶ 1, 126-

5    131. Regarding conversion, Ames alleges Wells Fargo fraudulently transferred the property's

6    title. *Id.* at ¶ 135. Further, Ames alleges Wells Fargo made false statements to induce Ames into

7    default on the note, *Id.* at ¶¶ 62-68, the Trustee stated it could sell the property after the sale had

8    been cancelled and Wells Fargo was the bona fide purchaser for value. *Id.* at ¶ 155. Ames alleges

9    Wells Fargo, HSBC, Sierra Pacific, LSI Title Agency, and Quality Loan Service ("QLS")

10    conspired to commit criminal and civil acts, namely inducing default through fraudulent

11    statements, assigning a fraudulent interest, and recording that interest. *Id.* at ¶ 204. In support of

12    that allegation, Ames further alleges Wells Fargo told her to stop making payments on her note.

13    *Id.* at ¶¶ 204, 215.

14    As a result of the above actions, Ames alleges the following five claims against Wells

15    Fargo: (1) wrongful foreclosure, (2) conversion, (3) fraud, (4) misrepresentation, and (5) civil

16    conspiracy. Ames requests monetary damages in various amounts, attorney's fees, court costs,

17    and "such other and further relief as the court deems just and adequate." *Id.* at p. 40. Ames also

18    requests the Court set aside and vacate the summary judgment granted in a case she filed prior to

19    the case before the Court ("Prior Lawsuit").[1]

20

21    ───────────────────

22    [1] Plaintiff brought an action alleging the same claims as those presented in this action against defendant
HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-

23    Through Certificates Series 2006-AR16 (HSBC) in Clark County Superior Court for the state of Washington.
Plaintiff's appeal of the state court's order granting summary judgement for the defendants was affirmed by the
Washington Court of Appeals, Division II in *Ames v. HSBC*, 11 Wash. App. 2d 1013 (2019) (unpublished). Dkt. 1-1

24    at ¶ 149. The Supreme Court of Washington denied Plaintiff's Petition for Review. Dkt. 16, Ex. 1.

On March 23, 2020, Wells Fargo filed the pending Motion to Dismiss. Dkt. 7. Ames filed an untimely Response on April 29, 2020. Dkt. 12. The Court entered an order stating it will consider Ames's Response and providing Wells Fargo with an opportunity to file a reply. Dkt. 13. On May 8, 2020, Wells Fargo filed a Reply. Dkt. 15.

## II.    Standard of Review

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To grant a motion to dismiss, the Court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). To survive a motion to dismiss, a plaintiff must merely cite facts supporting a "plausible" cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Although the Court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007).

## III.    Judicial Notice

On March 23, 2020, Wells Fargo filed a Request for Judicial Notice of Exhibits 1 through 19 in support of the Motion. Dkt. 8. Exhibits 1 through 19 consist of court records and publicly recorded documents regarding the Property. *Id.* On May 8, 2020, Wells Fargo filed a Request for Supplemental Judicial Notice of Exhibit 1 in support of the Motion. Dkt. 16. Exhibit 1 consists

of a court record. *Id.* The Court may take judicial notice of court filings and public records filed in other court proceedings. *Mayhoney v. Holder*, 62 F. Supp. 3d 1215, 1219 (W.D. Wash. 2014) ("The Court may take judicial notice of 'proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). Additionally, the Court may take judicial notice of publicly recorded documents associated with real property in connection to foreclosure proceedings. *Petheram v. Wells Fargo Bank*, 2013 WL 4761049, at *1 n.1 (W.D. Wash. Sept. 3, 2013); *Campidoglio LLC v. Wells Fargo & Co.*, 2012 WL 4514333, at *3 (W.D. Wash. Oct. 2, 2012) (taking judicial notice of mortgage notes and deeds of trust). This Court finds all these documents bear directly on Ames's claims. *See Griffin v. Green Tree Servicing, LLC*, 166 F. Supp. 3d 1030, 1040 (C.D. Cal. 2015) (on a motion to dismiss, judicial notice taken of all properly recorded documents in a property's chain of title, because they "bear directly on [plaintiff's] allegations and claims"). Therefore, this Court takes judicial notice of Exhibits 1 through 19 located at Docket Entry 8 as well as Exhibit 1 located at Docket Entry 16 and will consider the exhibits in ruling on the Motion.

**IV.    Discussion**

In the Motion to Dismiss, Wells Fargo asserts the preclusive effect of collateral estoppel, also known as issue preclusion, requires the dismissal of the Complaint. Dkt. 7, p. 7.

A. *Collateral Estoppel*

Wells Fargo asserts the issues in the instant Complaint are barred by collateral estoppel. Dkt. 7, p. 7. Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction, as here, apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 427 (1996). In applying Washington

law, the Court must apply the law as it believes the Supreme Court of Washington would apply it. *Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003).

"'Collateral estoppel, also known as issue preclusion, prevents relitigation of an issue after the party estopped has had a full and fair opportunity to present its case.'" *Busey v. Wells Fargo Bank NA*, No. 19-5880, 2019 WL 5425505, at *6 (W.D. Wash. Oct. 23, 2019) (quoting *Barr v. Day*, 124 Wash. 2d 318, 324–25 (1994) (internal quotation marks and citations omitted)). Collateral estoppel is "intended to curtail multiplicity of actions, prevent harassment in the courts, and promote judicial economy" with a goal of judicial finality. *Weaver v. City of Everett*, 194 Wash. 2d 464, 473 (2019). In *Weaver*, the Supreme Court of Washington reaffirmed the four elements the party asserting collateral estoppel, like Wells Fargo here, must establish:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Id*. at 474.

1. Identical Issues

"For collateral estoppel to apply, the 'issues to be precluded must have been actually litigated and necessarily decided in the first proceeding.'" *Busey* at *6 (quoting *Sprague v. Spokane Valley Fire Department*, 189 Wash. 2d 858, 899 (2018)). Here, the issues are the legality of the foreclosure and sale of Ames's property, and the allegedly fraudulent activity of the various companies involved in that foreclosure and sale. The issues are identical to those presented in the Prior Lawsuit. In the Prior Lawsuit, Ames brought claims of quiet title, wrongful foreclosure, conversion, civil conspiracy, and declaratory relief regarding the legality of the foreclosure and sale of her property. Dkt. 8-1, Ex. 3, p. 4. She also brought claims of fraud and misrepresentation claiming fraudulent activity involved in the making and servicing of her loan

as well as the foreclosure and sale process. Dkt. 8-1, Ex. 3, p. 5. Here, Ames requests, among other things, monetary damages against Wells Fargo to compensate for the value of the foreclosed property and other alleged harms. Dkt. 1-1, ¶¶ 150-151.

In the Prior Lawsuit, when the Washington Court of Appeals, Division II ("Court of Appeals") upheld the order of summary judgment, it necessarily considered the same relevant evidence presented in this action. While Ames argues the issues presented here are different, she focuses on the difference in defendants and not differences in the issues Wells Fargo seeks to collaterally estop—the legality of the foreclosure and sale of Ames's property and the allegedly fraudulent activity of various parties surrounding that foreclosure and sale. In the Prior Lawsuit, the Court of Appeals affirmed Ames waived her claims of wrongful foreclosure, conversion, and civil conspiracy when she failed to enjoin the foreclosure sale. Dkt. 8-1, Ex. 3, p. 7. The Court of Appeals further affirmed "Ames's nonwaived claims of fraud and misrepresentation were barred by the DTA ["Deeds of Trust Act"] statute of limitations." Dkt. 8-1, Ex. 3, p. 8. For these reasons, the Court finds the first element of collateral estoppel is met as the issues decided in the Prior Lawsuit are identical to the issues presented in this action.

2. Judgment on the Merits

On the appeal of the Prior Lawsuit, the Supreme Court of Washington's denial of Ames's petition for review represents a final judgment on the merits. Dkt. 16, Ex. 1. "In Washington, a 'final judgment on the merits' requires only 'that the status of the action was such that the parties might have had their suit thus disposed of, if they had properly presented and managed their respective cases.'" *Cayward v. HSBC Bank USA Nat. Assn*, No. 12-1402, 2013 WL 392718, at *3 (W.D. Wash. Jan. 31, 2013) (quoting *Pederson v. Potter*, 103 Wash. App. 62, 70, 11 P.3d 833 (2000)).

1    Ames filed multiple lawsuits concerning the legality of the foreclosure and sale of her

2    property. The most recent lawsuit is the Prior Lawsuit—*Ames v. HSBC*—which was filed on

3    November 24, 2015 in Clark County Superior Court of Washington. Dkt. 8-1, Ex. 12, p. 1. The

4    superior court granted HSBC's Motion for Summary Judgment on February 6, 2018, dismissing

5    all of Ames's claims asserted against HSBC with prejudice. Dkt. 8-1, Ex. 10. On February 26,

6    2018, Ames appealed the decision to the Court of Appeals and on November 5, 2019, the Court

7    of Appeals affirmed the superior court's decision. Dkt. 8-1, Ex. 3, p. 8-9. Ames then sought

8    reconsideration of the Court of Appeals' decision, asserting two new claims which she also

9    raises in this action. Dkt. 8-1, Ex. 13, p. 3-8.  The Court of Appeals denied Ames's Motion for

10   Reconsideration on December 26, 2019. Dkt. 8-1, Ex. 14. The Supreme Court of Washington

11   denied Ames's Petition for Review on April 29, 2020. Dkt. 16, Ex. 1. As the state court case

12   reached final judgment on the merits through the state supreme court, the second element of

13   collateral estoppel is met.

14           3.    Party Against Whom Collateral Estoppel is Asserted was a Prior Party

15           Linda Ames was the plaintiff in the Prior Lawsuit. As Linda Ames is the party in this

16   action against whom Wells Fargo seeks to assert collateral estoppel, the third element of

17   collateral estoppel is met.

18           4.    Injustice

19           "To determine whether collateral estoppel will work an injustice," Washington courts

20   "ask whether the party against whom the doctrine is asserted had sufficient motivation for a full

21   and vigorous litigation of the issue in a prior proceeding." *Weaver* at 474. The injustice element

22   is generally concerned with procedural irregularity, not substantive irregularity. *Id.* Here,

23   application of collateral estoppel would not work an injustice on Ames. Ames had a full and fair

24   hearing on the legality of the foreclosure and sale of her property in the Prior Lawsuit. As the

1    previous litigation related to the ownership of her property, Ames had "sufficient motivation for

2    a full and vigorous litigation of the issue in a prior proceeding." *Id.*

3          Further, there is no "significant disparity of relief" between the relief available in the

4    Prior Lawsuit and the relief available in this Court such as is necessary to militate against the

5    application of collateral estoppel. *Id.* The relief requested in the Prior Lawsuit included

6    declaratory relief and a request to vacate and set aside the sale of the property in addition to the

7    relief sought here. Dkt. 8-1, EX 12, p. 18-19. The relief sought here is less extensive than the

8    relief sought in the Prior Lawsuit. Therefore, the fourth element of collateral estoppel is met as

9    its application does not work an injustice against Ames.

10          Ames's claims in this case, for wrongful foreclosure, conversion, fraud,

11    misrepresentation, and civil conspiracy, are barred by collateral estoppel.

12          B.  *Remaining Arguments*

13          Ames also requests the Court "permit this independent action to set aside and vacate the

14    summary judgment in favor of the defendants" on grounds of "fraud and concealment" in Prior

15    Lawsuit. Dkt. 1-1, ¶ 149. The Court construes Ames's request as a Fed. R. Civ. P. Rule 60

16    request for relief from a final judgment. Rule 60(b) allows a litigant to directly attack a final

17    judgment before the court which rendered that final judgment. *Watts v. Pinckney*, 752 F.2d 406,

18    410 (9th Cir. 1985). This court had no connection with the final judgment in the Prior Lawsuit.

19    Thus, Ames's request to set aside and vacate that final judgment improperly seeks relief from a

20    state court judgment in this Court. Fed. R. Civ. P. Rule 60(b).[2] Further, this Court is not an

21    appellate court for the Washington State courts. For these reasons, the Court finds Ames's

22    _____

23        [2] The Court notes Washington Court Rule 60 also requires a final judgment for relief to be granted. A

24    litigant may properly request relief from judgment by motion and supported by the affidavit of the applicant. Wash. C.R. 60(e)(1).

1   request to set aside and vacate the state court's decision granting a motion for summary

2   judgment in the Prior Lawsuit is not properly before this Court and should be dismissed.

3        The Court finds all Ames's claims against Wells Fargo are precluded by collateral

4   estoppel. The Court therefore declines to discuss the remaining arguments raised by Wells Fargo

5   in the Motion to Dismiss.

6       **V.**    **Leave to Amend**

7        Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). This

8   rule should be interpreted and applied with "extreme liberality." *Morongo Band of Mission*

9   *Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). The court ordinarily considers five factors

10  when determining whether to grant leave to amend a complaint: "(1) bad faith, (2) undue delay,

11  (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has

12  previously amended his complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.

13  1990). Amendment is futile if it is evident that the complaint could not be saved by amendment.

14  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). The burden is on the

15  party opposing amendment to show the amendment is not warranted. *Wizards of the Coast, LLC*

16  *v. Cryptozoic Entm't, LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015).

17       Here, Wells Fargo argues that granting Plaintiff leave to amend is futile as Ames's claims

18  are barred by collateral estoppel and there are no possible further allegations of facts which could

19  cure the deficiencies in the Complaint. Dkt. 15, p. 1-2. The Court agrees. Plaintiff's claims are

20  insufficient as a matter of law under Rule 12(b)(6). Therefore, the Court finds leave to amend is

21  not appropriate in this case.

22

23

24

REPORT AND RECOMMENDATION - 9

## VI.    Conclusion

In conclusion, the Court finds the legality of the foreclosure and sale of Ames's property and the allegedly fraudulent activity of the various companies involved in that foreclosure and sale were fully litigated and decided by the state court in the Prior Lawsuit. Therefore, Plaintiff's claims against Wells Fargo for wrongful foreclosure, conversion, fraud, misrepresentation, and civil conspiracy, are barred by collateral estoppel. The Court also finds Plaintiff's request to set aside and vacate the state court's decision granting a motion for summary judgment is not properly before this Court. Accordingly, the Court recommends Wells Fargo's Motion to Dismiss (Dkt. 7) be granted, the Plaintiff's claims be dismissed with prejudice, and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for consideration on July 3, 2020, as noted in the caption.

Dated this 9th day of June, 2020.

David W. Christel
United States Magistrate Judge