UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA AMES,<br><br>    Plaintiff,<br><br> v.<br><br>WELLS FARGO BANK NA,<br><br>    Defendant. | CASE NO. C20-5246 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

  This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 18, and Plaintiff Linda Ames's ("Plaintiff") objections to the R&R, Dkt. 19.

### I. Factual and Procedural History

  Plaintiff filed the instant action in Clark County Superior Court, which Defendant Wells Fargo Bank, NA ("Well Fargo") removed to this Court. Dkt. 1. Plaintiff alleges several errors in the foreclosure and sale of her property located at 10810 NW 13th Place, Vancouver, WA 98685 ("the property"). Dkt. 1-1, ¶¶ 1, 126–31. Plaintiff alleges in her complaint that Well Fargo fraudulently transferred the property's title, *id.* at ¶ 135, and that Wells Fargo made false statements to induce Plaintiff to default on her note, *id.* at

ORDER - 1

62–68. Plaintiff further alleges that Wells Fargo conspired with HSBC Bank USA, Sierra Pacifica Mortgage, LSI Title Agency, and Quality Loan Service to commit criminal and civil acts. *Id.* at ¶ 204.

Plaintiff brings five claims against Wells Fargo: (1) wrongful foreclosure, (2) conversion, (3) fraud, (4) misrepresentation, and (5) civil conspiracy. Plaintiff also requests that the Court set aside and vacate the summary judgment granted in a case she filed prior to this case before the Court ("Prior Lawsuit").[1] *Id.* at ¶¶ 149.

This Court referred this action to Judge Christel on March 20, 2020. Dkt. 4. On March 23, 2020, Wells Fargo moved to dismiss Plaintiff's complaint, Dkt. 7, and filed a request for judicial notice, Dkt. 8. On April 29, 2020, Plaintiff responded. Dkt. 12. On May 8, 2020, Wells Fargo replied, Dkt. 15, and filed a supplemental request for judicial notice, Dkt. 16.

Judge Christel submitted his R&R on June 9, 2020, recommending that Wells Fargo's motion to dismiss be granted and that Plaintiff's claims be dismissed with prejudice. Dkt. 18. On June 23, 2020, Plaintiff filed her objections. Dkt. 19. On July 7, 2020, Wells Fargo replied. Dkt. 20. On July 22, 2020, Plaintiff filed a surreply. Dkt. 21.[2]

---

[1] Plaintiff brought an action alleging the same five claims and quiet title as those presented here against HSBC Bank USA, National Association as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates Series 2006-AR16 (HSBC) in Clark County Superior Court. *Ames v. HSBC Bank USA, Nat'l Assoc.*, 11 Wn. App. 2d 1013 (2019) (unpublished). The trial court granted HSBC summary judgment, and the Court of Appeals affirmed the decision. *Id.* The Washington State Supreme Court denied Plaintiff's Petition for Review. *Ames v. HSBC Bank USA, Nat'l Assoc.*, 195 Wn.2d 1016 (2020).

[2] This surreply is stricken because it fails to comply with the local rules. *See* Local Rules W.D. Wash. LCR 72(b) (no reply to a response to an objection will be considered by the courts).

## II. Merits

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). "Courts are not obligated to review vague or generalized objections to an R&R; a petitioner must provide specific written objections." *Ybarra v. Martel*, No. 09CV1188-LAB AJB, 2011 WL 613380, at *1 (S.D. Cal. Feb. 11, 2011). It appears to the Court that Plaintiff has specifically objected to the R&R's conclusion that collateral estoppel applies in case, arguing that the parties and issues are sufficiently different. It also appears that Plaintiff has objected to the R&R's conclusion that the case should be dismissed with prejudice. The remainder of Plaintiff's objections are unspecified objections or are reiterations of the same arguments Judge Christel rejected. The Court will only consider these two objections.

**A.   Collateral Estoppel**

"'Collateral estoppel, also known as issue preclusion, prevents relitigation of an issue after the party estopped has had a full and fair opportunity to present its case.'" *Busey v. Wells Fargo Bank NA*, No. 19-5880, 2019 WL 5425505, at *6 (W.D. Wash. Oct. 23, 2019) (quoting *Barr v. Day*, 124 Wn.2d 318, 324–25 (1994) (internal quotation marks and citations omitted)). Collateral estoppel is "intended to curtail multiplicity of actions,

ORDER - 3

prevent harassment in the courts, and promote judicial economy" with a goal of judicial finality. *Weaver v. City of Everett*, 194 Wn. 2d 464, 473 (2019). In *Weaver*, the Supreme Court of Washington reaffirmed the four elements the party asserting collateral estoppel, like Wells Fargo here, must establish:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding; (2) the earlier proceeding ended in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding; and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Id.* at 474.

The R&R concludes that collateral estoppel is warranted here based on the Prior Lawsuit. Dkt. 18 at 8. Plaintiff objects to this conclusion, arguing that the issues are different in this case because certain facts were not in issue in the Prior Lawsuit. However, the issues in the Prior Lawsuit and this case remain the same: the legality of the foreclosure and sale of Plaintiff's property and the alleged conspiracy of the companies involved in the foreclosure. The allegedly new discovery did not change the core issues Plaintiff is seeking to litigate. Like in her Prior Lawsuit, Plaintiff now brings claims of wrongful foreclosure, fraud, misrepresentation, conversion, and civil conspiracy. *Compare Ames*, 11 Wn. App. 2d at 1013 *with* Dkt. 1-1. The issues are the same as in the Prior Lawsuit, and Plaintiff can be collaterally estopped from relitigation.

Additionally, Plaintiff objects to the finding of collateral estoppel because the parties in the Prior Lawsuit are different than the parties in this lawsuit. This argument is moot. For collateral estopped to apply, the party *against* whom collateral estoppel is

being asserted must be the same. *Weaver*, 194 Wn.2d at 474 (emphasis added). This does not mean that the party arguing for the application of collateral estoppel must be the same. Wells Fargo is seeking to assert collateral estoppel against Plaintiff, who was a party to the Prior Lawsuit. This element is also satisfied. Therefore, the Court adopts the R&R in full as the issue of collateral estoppel.

**B.     Dismissal with Prejudice**

Plaintiff also objects to the R&R's conclusion that her complaint be dismissed with prejudice. She argues that the R&R found that it had no jurisdiction over her complaint and that the Court should dismiss the complaint without prejudice and remand the case back to state court. Plaintiff misreads the R&R's conclusion—the R&R found that Plaintiff's claims are barred by collateral estoppel, not that the Court lacks jurisdiction over her claims. The R&R correctly concluded that granting Plaintiff leave to amend is futile because all of her claims are barred by collateral estoppel. The Court agrees that granting leave to amend is inappropriate in this case and thus adopts the R&R in full as to this issue.

## III.     Order

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     Wells Fargo's Motion is **GRANTED**; and

\

\

1     (3)     The Clerk shall enter a JUDGMENT and close the case.

2     Dated this 31st day of August, 2020.

*signature*

BENJAMIN H. SETTLE
United States District Judge